UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAYMOND BILBO, #16541                                                                 PETITIONER

VS.                                                                          NO. 1:04CV298-WAP-JAD

SUPERINTENDENT CABANA, ET AL.                                                       RESPONDENTS

REPORT AND RECOMMENDATION

Raymond Bilbo pled guilty to felony DUI ( third offense) in Lowndes County, Mississippi. He had been involved in an accident and found to have a blood alcohol of .22. Bilbo had two previous felony convictions, one for armed robbery and one for grand larceny and theft. He thereafter filed a petition for post-conviction relief in Lowndes County. Bilbo asserted that he had never been indicted or arraigned and that he had been improperly advised by his counsel. Finding that the record showed an indictment for felony DUI and as an habitual offender, a waiver of arraignment and Bilbo's guilty plea, the trial court denied the petition without hearing. Bilbo appealed the denial of his petition. The Mississippi Court of Appeals affirmed the denial of the petition. Bilbo did not file a petition for writ of certiorari with the Mississippi Supreme Court.

Bilbo has now filed his petition for writ of habeas corpus with this court. It is clear that Bilbo has failed to exhaust his state remedies. None of his current claims for post-conviction relief have been presented to or considered by the Mississippi Supreme Court, either on direct appeal or on a petition for post-conviction relief. 28 U.S.C. §2254(c) requires a petitioner for habeas relief in this court to exhaust his state court remedies prior to filing a federal petition. Petitioner's failure to seek discretionary review from the Mississippi Court of Appeals to the Mississippi Supreme Court constitutes failure to exhaust state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847, 119 S. Ct. 1728, 1733, 144 L. Ed. 2d 1 (1999) held that state prisoners are required "to file petitions for

discretionary review when that review is part of the ordinary appellate review procedure in the State." *See also, Richardson v. Procunier*, 762 So.2d 429 (5th Cir. 1985). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518, 102 S. Ct. at 1204)) (citations omitted)). The penalty for non-compliance is usually dismissal.

While the respondents have filed an answer, not a motion to dismiss, on review of the file it is clear that Bilbo cannot now return to the Mississippi courts. Any successive petition in the Mississippi courts is procedurally barred and Bilbo has procedurally defaulted his federal claims. Mississippi Code Annotated § 99-39-23(6) provides in pertinent part, "the order. ... dismissing the petitioner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." This procedural bar has been held to be an independent and adequate state procedural bar. *Moawad v. Anderson*, 143 F. 3d 942, 947 (5th Cir. 1998). *Chancellor v. State of Mississippi*, 2005 WL 743956 (5th Cir. March 31, 2005).

It is apparent that any attempt to exhaust his state remedies is futile under Mississippi law. "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and

adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, at 947. citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998).

Bilbo makes no showing of any cause for his failure to seek discretionary review. He therefore has made no showing of cause for his default. Additionally, there is no showing of prejudice to Bilbo. Bilbo claims he was not indicted. This claim is false. He was indicted for felony DUI and as an habitual offender on August 10, 1998. The petitioners' have attached a copy of the indictment as Exhibit F to the response to the petition. Bilbo claims that he was not served with a copy of the indictment. The indictment shows that it was served on Bilbo on June 7, 1999. Bilbo claims that he was not arraigned. The court's docket shows that he waived arraignment initially. The transcript of the guilty plea shows that the nature of the charges and the potential penalties were explained to him by the trial judge in the process of accepting his plea. Bilbo complains that his attorney gave him bad advice when she told him that if he did not take the deal he could be facing the possibility of life in jail without the possibility of parole. While the indictment does not expressly cite § 99-19-83 of the Mississippi Code, it does cite the two prior felony convictions and the service of at least the required minimum sentences on each. It also lists the felony of armed robbery. Armed robbery is a crime of violence for the purpose of this statute's requirement that at least one of the felonies must be for a violent offense. *King v. State*, 527 So. 2d 641(Miss. 1988)(Armed robbery is per se a crime of violence for the purposes of determining whether a defendant is subject to sentencing under the habitual offender statute.) It therefore appears that counsel's advice was

accurate. There is neither a deficiency in counsel's performance, nor prejudice to Bilbo. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984).

The failure to consider the procedurally defaulted claims in federal court results in a fundamental miscarriage of justice only where there is a showing of factual innocence. Here Bilbo makes no claim of factual innocence, and in the face of his admission of guilt under oath it is unlikely such a claim could be made.

The undersigned recommends that the petition for habeas corpus be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 7th day of December, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE